# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **JERMAINE LEWIS JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | **NO. 5:17-CV-00280-MTT-MSH** |
| **COII K. HALL,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jermaine Lewis, Jr., who is presently incarcerated at the Macon State Prison in Oglethorpe, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 and two motions to amend that Complaint (ECF Nos. 7, 8). Plaintiff has also filed a motion for leave to proceed without prepayment of the Court's full filing fee (ECF No. 2), a motion seeking the appointment of counsel (ECF No. 11), a motion for preliminary injunction (ECF No. 6), and a motion to transfer him to a different prison (ECF No. 12). For the following reasons, the Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) and his motions to amend are GRANTED, and Plaintiff's medical treatment claims against Defendants Hall, Sale, Williamson, and McLaughlin and his retaliation claims against Defendants Hall, McLaughlin, and Williamson shall proceed for further factual development. However, it is RECOMMENDED that Plaintiff's remaining claims be DISMISSED without prejudice and that his motions for preliminary injunction and transfer be **DENIED.** Further, Plaintiff's motion seeking appointment of counsel is DENIED.

# I. Motion to Proceed *In Forma Pauperis*

28 U.S.C. § 1915 allows the district courts to authorize the commencement of a civil action without prepayment of the normally-required fee upon a showing that the plaintiff is indigent and financially unable to pay the filing fee. A prisoner seeking to proceed IFP under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." § 1915(b).

In this case, Plaintiff's affidavit and trust account statement show that he is currently unable to prepay the Court's filing fee. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is thus GRANTED and Plaintiff will be assessed an initial partial filing fee of $0.00. Plaintiff, however, is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is accordingly requested that the CLERK forward a copy of this ORDER to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The District Court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's Complaint (or any part thereof) is dismissed prior to service.

## A. Directions to Plaintiff's Custodian

It is hereby ORDERED that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent

(20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further ORDERED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### B. Plaintiff's Obligations Upon Release

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Motion for Appointed Counsel

Plaintiff has also filed a motion for appointment of counsel (ECF No. 11). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the

appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

In this case, Plaintiff has filed a complaint on a standard § 1983 form. The Court is required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is thus not an "exceptional circumstance" justifying appointment of counsel. The facts stated in Plaintiff's Complaint are not overly complicated, and the law governing Plaintiff's claims is neither novel nor particularly complex. Plaintiff's motion to appoint counsel (ECF No. 11) is accordingly DENIED. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed in this case, after due consideration of the complexity or novelty of the issues raised, the Court will entertain a renewed motion.

## III. Preliminary Screening

### A. Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case but the standard of review is the same. When conducting preliminary screening, the Court must

accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one here, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. <u>Factual Allegations</u>

Plaintiff's claims arise from his confinement at the Macon State Prison (MSP). Compl. 5, ECF No. 1.[1]  According to his Complaint, on April 25, 2017, Plaintiff was being escorted from the "small yard of J-2" back to his cell by Defendant Hall, a prison officer. *Id.*  When they reached Plaintiff's cell, Plaintiff noticed that it was dark inside because his cellmate had covered the light and the window. *Id.*  Plaintiff alleges Defendant Hall opened the cell so Plaintiff could enter, but he did not handcuff Plaintiff's cellmate in accordance with policy. *Id.*  Plaintiff states that when Defendant Hall shut the door to the cell, his cellmate "came at [him] with a tray and started beating" him in the face, head, neck, and shoulders. *Id.* at 5-6.  Plaintiff "screamed" for assistance, and Defendant Hall "eventually" opened the door and removed Plaintiff from the cell. *Id.* at 6.  Plaintiff alleges he sat in the shower for approximately an hour after the attack and

---

[1] Plaintiff has the right to amend his Complaint once as a matter of course at this stage in the litigation, and leave to amend is to be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a).  Accordingly, Plaintiff's motions to amend (ECF Nos. 7, 8) shall be GRANTED**.**

that he "never received medical treatment" for his injuries, although he was "bleeding from [his] face," his "head was swollen and throbbing," and he was in "excruciating pain." *Id.* Plaintiff states that Defendant Hall later packed his property and brought it to Plaintiff, but portions of it were missing or damaged. *Id.*

The next morning, Plaintiff alleges that he began to complain about "the unfortunate incident of Officer Hall allowing [him] to be beat with a tray and the medical issues [he] was having because of it." *Id.* Plaintiff states he spoke to Defendant McLaughlin, the warden, Defendant Sale, the unit manager, and Defendant Williamson, a sergeant, about the attack and his need for medical care. *Id.* Plaintiff also alleges that various Defendants threatened him when Plaintiff continued to complain about the incident, and that Defendant Hall repeatedly harassed Plaintiff for filing grievances about the incident. *Id.* at 6-7. Plaintiff further states that he "continued to complain" and "continued to put in sick calls" concerning the injuries he suffered in the attack, but he never received adequate treatment for those injuries. *Id.* at 7. Plaintiff alleges he continues to suffer from migraine headaches, sharp pains in his head and neck, and worsening vision and hearing as a result of the attack. *Id.*

Plaintiff contends Defendants' actions and inactions violated his constitutional rights, and as a result, he seeks compensatory damages and injunctive relief. *Id.* at 8. Plaintiff has also filed a motion for a preliminary injunction and a motion for the Court to order that Plaintiff be transferred to another facility (ECF Nos. 6, 12).

C.     Plaintiff's Claims

1.     *Failure to Protect*

Plaintiff first alleges that Defendant Hall failed to follow prison policy and failed to protect Plaintiff from being attacked by his cellmate. *See* Compl. 5-6. Such claims may be cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and knowingly or recklessly disregarded that risk. *Id.* at 1332. Merely negligent failure to protect an inmate from attack will not support a § 1983 claim. *See id.*

Here, Plaintiff has not alleged Defendant Hall knew of the specific danger that the inmate who attacked Plaintiff posed to Plaintiff or any other inmate. *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (per curiam) (requiring prison official to have "had a subjective awareness of a substantial risk of serious physical threat to Plaintiff" for purposes of § 1983 liability); *see also Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (per curiam) (affirming dismissal of failure-to-protect claim where plaintiff did not provide notice to prison officials that he was in danger from the specific inmate who attacked him). In addition, even if Defendant Hall failed to follow prison policy when placing Plaintiff in his cell, the "failure to follow procedures does not, by

itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2013). Plaintiff has therefore failed to allege sufficient facts supporting any failure-to-protect claim against Defendant Hall, and it is RECOMMENDED that such claims be DISMISSED without prejudice.

Plaintiff has also alleged that he "screamed for officer Hall to open the door back up and it seemed like forever but he eventually snatched me back out of the cell." Compl. 6, ECF No. 1. While a prison official's "alleged failure to intervene, standing by in the face of an inmate disturbance that he observed . . . *may* constitute deliberate indifference to a substantial risk of serious harm," Plaintiff's present allegations do not rise to the level of stating such a claim. *See, e.g., Murphy*, 159 F. App'x at 948. Plaintiff has not alleged any specific facts describing how long Defendant Hall witnessed the attack or whether he had the means to stop the assault or call for assistance. Plaintiff's brief and conclusory allegations are not enough to raise Plaintiff's right to relief above the speculative level. *Twombly*, 550 U.S. at 555; *see also Johnson v. Boyd*, 568 F. App'x 719, 722-23 (11th Cir. 2014) (per curiam) (affirming dismissal of failure-to-intervene claims where plaintiff did "not allege that the officers waited an unreasonable amount of time to intervene" after inmate attacked plaintiff and the complaint failed to "describe[e] the duration of the fight or the defendants' response"). It is therefore RECOMMENDED that any failure-to-intervene claims against Defendant Hall be DISMISSED without prejudice.

## 2.    *Medical Deliberate Indifference*

Plaintiff next alleges that various Defendants failed to provide him medical care after the attack.  A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243.  A plaintiff must first "set forth evidence of an objectively serious medical need," and also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.*  In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

Plaintiff has alleged that after the attack, he was bleeding, in "excruciating pain," "could hardly stand," was having hearing difficulties, and that his "eyesight had been practically nonexistant [sic] in [his] right eye."  Compl. 7-8.  Plaintiff also asserts that he continues to have migraine headaches and that his "hearing in [his] right ear & right eyesight is worsening." *Id.* at 7.  For purposes of preliminary screening, these allegations are sufficient to show that Plaintiff had serious medical needs. *See, e.g., Mann v. Taser Int'l*, 588 F.3d 1291, 1307 (11th Cir. 2009) (holding that a serious medical need may be "determined by whether a delay in treating the need worsens the condition").

Plaintiff must also show that each named Defendant was deliberately indifferent to his serious medical needs.  Plaintiff has stated that Defendant Hall failed to provide him immediate medical care for his facial injuries, which were bleeding, and that Defendants

Hall, Sale, Williamson, and McLaughlin knew about his injuries and his repeated requests for treatment and did nothing to ensure Plaintiff received adequate care. While the documents attached to Plaintiff's Complaint do show that Plaintiff was seen by prison medical officials, the documents also show that Plaintiff appears to have experienced at least some delays in obtaining treatment. *See, e.g.,* Attach. 6 to Suppl. Compl. at 3, ECF No. 9-6 (health services request form dated 5/2/17 indicating that Plaintiff's "ear is getting worse" and that he can "bairly [sic] hear now"; prison response is that "appt was 5-18"); Attach. 7 to Suppl. Compl. 1, ECF No. 9-7 (letter from Plaintiff stating he was struck in the head on April 25, 2017 and "wasn't seen until May 1st 2017"). As noted above, Plaintiff has also alleged that these delays caused his condition to worsen and that he has lost "sight & hearing from the impact of attack." Suppl. Compl. 1, ECF No. 9. Case law in the Eleventh Circuit "has established that both long and short delays" in providing medical treatment can constitute deliberate indifference, "depending on the medical need and the reason for delay." *Alsobrook v. Alvarado*, 477 F. App'x 710, 713 (11th Cir. 2012) (per curiam). Thus, "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." *Harris v. Coweta Cnty.*, 21 F.3d 388, 394 (11th Cir. 1994); *see also Alsobrook*, 477 F. App'x at 713 (holding that allegations of "unjustifiable delay of one hour and forty minutes" in treating "continuously bleeding" facial injuries while the prisoner's clothes were "covered in blood and his face was swelling and bruising, were sufficient to plead deliberate indifference"). For other kinds of serious injuries, a delay of "several weeks" can also be "too long to fail to properly respond to the medical need."

*Harris*, 21 F.3d at 394. At this early stage of the litigation, the facts are not sufficiently developed to permit the Court to conclusively determine whether Plaintiff actually experienced any delays in treatment and whether any such delays were constitutionally reasonable. Plaintiff's medical deliberate indifference claims against Defendants Hall, Sale, Williamson, and McLaughlin must therefore proceed for further factual development.

### 3. Retaliation Claims

Plaintiff also alleges that Defendants Hall, McLaughlin, and Williamson have retaliated against him. It is well established that an adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). Generally speaking, to prove a retaliation claim an inmate must show that he engaged in protected conduct, that the prison official's retaliatory conduct adversely affected the protected conduct, and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). "[B]road, conclusory allegations of retaliation are insufficient to state a claim under section 1983." *Robinson v. Boyd*, No. 5:03CV25/MMP/MD, 2005 WL 1278136, at *3 (N.D. Fla. May 26, 2005).

Plaintiff states that Defendant Hall repeatedly threatened him with physical harm because Plaintiff had filed grievances related to Defendant Hall. Compl. 7; *see also* 2d Mot. to Ammend Compl. 1, ECF No. 8 (alleging that Defendant Hall "let be known his knowledge of the Plaintiff seeking civil actions against him and threatened him death along with death of selected family members if the suit wasn't dismissed by the

Plaintiff"). Plaintiff further states that Defendant Hall "harass[ed]" him "daily" by depriving him of food and showers and tampering with his meals. *See* Compl. 7. Such allegations are sufficient to state a retaliation claim against Defendant Hall, and that claim should proceed for further factual development.

Plaintiff further alleges that Defendant McLaughlin "approached the cell of Plaintiff harassing him about pending lawsuit," and specifically "instruct[ed] Plaintiff to drop [the] lawsuit if he knew what was good for him." 1st Mot. to Ammend Compl. 1, ECF No. 7. Plaintiff also contends that Defendant McLaughlin threatened to "eleminate [sic] the opportunity of parole from [Plaintiff's] case plan" and keep Plaintiff "in administrative segregation." *Id.* These allegations are also sufficient to permit Plaintiff's retaliation claims against Defendant McLaughlin to proceed for further factual development.

Plaintiff also states that on the day of the attack in Plaintiff's cell, Defendant Williamson "threatened to take the small amount of property [Plaintiff] did have and put [him] on the strip cell if [Plaintiff] didn't stay quiet" about the attack. Compl. 4. When construed liberally in the light most favorable to Plaintiff, these allegations are also sufficient to permit Plaintiff's retaliation claims against Defendant Williamson to proceed for further factual development. *See Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007) (per curiam) (threats that prison officials would do "something drastic" if prisoner continued to file grievances were actionable in First Amendment retaliation claim); *see also Bethel v. Town of Loxley*, 221 F. App'x 812, 813 (11th Cir. 2006) (per curiam) (noting that "First Amendment retaliation is actionable because it threatens to inhibit

exercise of the protected right" (internal quotation marks omitted).

### 4. *Claims against Defendants Eady and McKenzie*

The basis for Plaintiff's claims against Defendants Eady and McKenzie are unclear from Plaintiff's pleadings. Plaintiff identifies both of these Defendants as "wardens" in the caption of his Complaint, but he does not allege any facts suggesting what these Defendants did or did not do to violate his constitutional rights. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to these Defendants, and it is therefore RECOMMENDED that Plaintiff's claims against Defendants Eady and McKenzie be DISMISSED without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

### 5. *Personal Property Claims*

Plaintiff also appears to suggest that Defendants were responsible for the loss or destruction of some of his personal property. *See* Compl. 6 (noting that after the alleged attack, Plaintiff's "personal books, legal work, and hygiene products were missing" and his "clothes had urine all over them"). Plaintiff may be attempting to state a claim under the Due Process Clause of the Fourteenth Amendment, which provides that "[n]o State . . . shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation

remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy." *Id.* "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable post[-]deprivation remedy for procedural due process violations." *Id.*

Even if some Defendants intentionally confiscated or destroyed his property, Plaintiff has not alleged that he has attempted to pursue a civil action based on those Defendants' actions or that such a remedy is not available to him. The state's action cannot be considered to be complete; thus, to the extent Plaintiff is attempting to assert a procedural due process claim based on the destruction of his personal property, the undersigned RECOMMENDS that such claims be DISMISSED without prejudice.

## V.     Motion for Preliminary Injunction

Plaintiff has also moved for a preliminary injunction on the basis that there is a "potential conflict of interest between Plaintiff and mail room staff of institution where the Plaintiff is being housed." Mot. Prelim. Inj. 1, ECF No. 6. Specifically, Plaintiff contends that "the officer in position of responsibility for legal mail delivery is the wife of primary Defendant" in this case, Defendant Hall. *Id.* Plaintiff therefore believes that "his mail is being withheld or thrown in the garbage to stagnate the plaintiff's progression in the above case" and requests that the Court "resend any and all legal documents to ensure deadlines are met." *Id.*

Plaintiff has also filed a motion seeking to be transferred to another prison (ECF No. 12) that could be construed as a motion for preliminary injunctive relief. Plaintiff alleges he is "continuing to undergo harassment and mistreatment" as a result of his pending lawsuit and that he is also "being denied law library access." Mot. Transfer 1, ECF No. 12. Plaintiff further alleges that his life is being threatened "daily" and his "freedom is jeopardized" because "everything must go through the hands of [his] defendants for approval before granting." *Id.* Plaintiff therefore seeks a transfer from MSP "so that [he] can continue to push" his lawsuit "without threats and harassment and also be out of the hands of [his] defendant." *Id.*

Plaintiff has failed to demonstrate that he is presently entitled to the preliminary injunctive relief he seeks. A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). A preliminary injunction is appropriate only where the movant demonstrates (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Even construing Plaintiff's allegations liberally, Plaintiff has failed to meet his burden to establish each of these elements. *See S. Monorail Co. v. Robbins & Myers,*

*Inc.*, 666 F.2d 185, 186 (5th Cir. Unit B 1982) ("A preliminary injunction may not issue unless the movant carries the burden of persuasion as to all four prerequisites."). At a minimum, Plaintiff's allegations fail to show that a preliminary injunction is necessary to prevent irreparable injury. It does not appear that Plaintiff's outgoing mail or his ability to "push" his lawsuit has been affected by any "potential conflict of interest" in the prison mailroom or by the actions of any Defendants. The Court has received numerous filings from Plaintiff and Plaintiff has not missed any deadlines set by the Court. With respect to Plaintiff's claims that he is being threatened, while the Court takes these allegations seriously, Plaintiff has not alleged any specific facts to show that he is in imminent danger of being harmed at MSP and courts are generally loath to grant motions for injunctive relief seeking prison transfers. The placement and classification of inmates "is a matter peculiarly within the province of prison authorities' administrative duties." *Freeman v. Fuller,* 623 F. Supp. 1224, 1227 (S.D. Fla. 1985). The United States Supreme Court has warned that "in the absence of *substantial* evidence in the record" to indicate that the officials have exaggerated their response to [security or administrative considerations], courts should ordinarily defer to their expert judgment in such matters." *Bell v. Wolfish,* 441 U.S. 520, 547-48 (1979) (emphasis added). At this juncture, the facts have not been sufficiently developed to conclude that there is a reason to override prison officials' judgment with respect to Plaintiff's placement. The Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, it is RECOMMENDED that Plaintiff's motion for preliminary injunction (ECF No. 6) and his motion for transfer

(ECF No. 12) be DENIED.

## VI.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) and his motions to amend (ECF Nos. 7, 8) are GRANTED, but Plaintiff's motion for appointed counsel (ECF No. 11) is DENIED.  Plaintiff's medical deliberate indifference claims against Defendants Hall, Sale, Williamson, and McLaughlin and his retaliation claims against Defendants Hall, McLaughlin, and Williamson must proceed for further factual development.  However, it is RECOMMENDED that Plaintiff's failure to protect or intervene claims, his claims against Defendants McKenzie and Eady, and his personal property claims be DISMISSED without prejudice.  It is further RECOMMENDED that Plaintiff's motion for preliminary injunction (ECF No. 6) and his motion for transfer (ECF No. 12) be DENIED.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-

1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Hall, Sale, Williamson, and McLaughlin, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

SO ORDERED AND RECOMMENDED this 28th day of December, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE